**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GI SPORTZ INC. and GI SPORTZ DIRECT LLC, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> APX GEAR LLC, <br><br> Defendant-Appellee. | No. 16-56882 <br><br> D.C. No. 8:16-cv-002038-AG-KES <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted June 6, 2017
Pasadena, California

Before: GRABER, SACK,** and MURGUIA, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Robert D. Sack, United States Circuit Judge for the Court
of Appeals for the Second Circuit, sitting by designation.

This interlocutory appeal arises from the denial of GI Sportz Inc. and GI Sportz Direct LLC's (collectively, "GI Sportz") motion for preliminary injunctive relief for its pending trade-dress-infringement claim against APX Gear LLC. In denying the motion, the district court correctly recited the four factors set forth in Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of the equities tips in his favor, and [4] that an injunction is in the public interest."). But the court's analysis began and ended with the first factor; it concluded that GI Sportz had not established a likelihood of success with respect to an essential element of a trade-dress-infringement claim: that "its claimed dress serves a source-identifying role either because it is inherently distinctive or has acquired secondary meaning." Clicks Billiards Inc. v. Sixshooters Inc., 251 F.3d 1252, 1258 (9th Cir. 2001) (footnote omitted). Our review is "for abuse of discretion," which occurs when "a district court . . . bases its decision on an erroneous legal standard or on clearly erroneous findings of fact." Am. Trucking Ass'ns v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (internal quotation marks omitted).

1. The district court erred in concluding that GI Sportz failed to establish that its registered trade dress serves a source-identifying role. GI Sportz's registered trade dress for its "Marballizer" paintballs has attained incontestable status pursuant to 15 U.S.C. § 1065.[1] That status "serves as conclusive proof that the mark has secondary meaning" and, as such, serves a source-identifying role. Entrepreneur Media, Inc. v. Smith, 279 F.3d 1135, 1142 n.3 (9th Cir. 2002) (citing Park 'N Fly, Inc. v. Dollar Park & Fly, Inc., 469 U.S. 189, 205 (1985)); see also Rebecca Tushnet, Registering Disagreement: Registration in Modern American Trademark Law, 130 HARV. L. REV. 867, 903 n.160 (2017) ("The key benefit of incontestability is that an incontestable mark can't be challenged on the ground that it's merely descriptive and lacks secondary meaning.").

2. The district court's error, however, does not necessarily entitle GI Sportz to preliminary injunctive relief, "an extraordinary and drastic remedy." Munaf v. Geren, 553 U.S. 674, 689 (2008) (internal quotation marks omitted). It must still establish all four Winter factors. This disposition addresses only one aspect of GI

---

[1]After five years of continuous use, the Lanham Act allows the owner of a registered mark to attain incontestable status by filing an affidavit affirming that certain statutory requirements have been met. 15 U.S.C. § 1065. A registered trademark with incontestable status is treated as "conclusive evidence . . . of the registrant's exclusive right to use the registered trademark in commerce," subject to certain enumerated defenses. See id. § 1115(b).

Sportz's likelihood of success on the merits. We leave all other aspects of the first Winter factor, and the remaining three Winter factors, for the district court's consideration on remand.

**VACATED AND REMANDED. Costs on appeal awarded to Plaintiffs-Appellants.**